Allison C. Eckstrom, CA Bar No. 217255
allison.eckstrom@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Suite 1500
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:  714.800.7900
Facsimile:   714.754.1298

Attorneys for Defendants
ANN SACKS TILE AND STONE, INC.; KOHLER CO.;
and MANPOWERGROUP US INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| SHARON TINIO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ANN SACKS TILE AND STONE, INC., an Oregon Corporation; KOHLER CO., a Wisconsin Corporation; MANPOWERGROUP US INC., a Wisconsin Corporation; and DOES 1 through 20 inclusive,<br><br>Defendants. | Case No. 8:16-CV-00883<br><br>**DEFENDANTS ANN SACKS TILE AND STONE, INC. AND KOHLER CO.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>**[DIVERSITY JURISDICTION]**<br><br>*[Filed Concurrently with Notice of Related Cases; Declarations of John Pawley, Roxana Cook and Michelle Candelaria in Support of Removal; Corporate Disclosure Statement; Certificate of Interested Parties; and Civil Cover Sheet]*<br><br>State Action Filed:  March 23, 2016<br>Trial Date:            None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF SHARON TINIO AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Ann Sacks Tile and Stone, Inc. ("Ann Sacks") and Kohler Co. ("Kohler") (collectively, "Defendants") hereby remove this action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) on the grounds that: (1) there is complete diversity of citizenship between Plaintiff Sharon Tinio ("Plaintiff"), a citizen of the State of California, and Defendants, which are citizens of the States of Oregon and Wisconsin; and (2) the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in Section 1332(a).

The foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this Notice of Removal. Removal jurisdiction, therefore, is appropriate as detailed more fully below:

## I.    BACKGROUND

1.    On or about March 23, 2016, Plaintiff filed an unverified Complaint (the "Complaint") against Defendants in the Superior Court of California, County of Orange, entitled, "*Sharon Tinio v. Ann Sacks Tile and Stone, Inc., an Oregon Corporation, Kohler Co., a Wisconsin Corporation, ManpowerGroup US Inc., a Wisconsin Corporation, and Does 1 through 20, inclusive*," designated as Case No. 30-201600842418-CU-OE-CJC (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.    The Complaint alleges five (5) causes of action against Defendants, including:  (a) disability discrimination; (b) failure to engage in the interactive process; (c) failure to reasonably accommodate; (d) failure to prevent discrimination; and (e) wrongful termination. (*See* Complaint, generally.)

3. On April 13, 2016, Plaintiff served CT Corporation, Defendants' statutory agent for service of process, with copies of the Summons, Complaint, and Civil Case Cover Sheet. True and correct copies of the Service of Process Transmittal and the papers served on the Defendants are attached hereto as **Exhibit B**.

4. On May 11, 2016, Defendants filed their Answer to Plaintiff's Complaint. A true and correct copy of the Answer is attached hereto as **Exhibit C**.

## II. TIMELINESS OF REMOVAL

5. A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").

6. Here, removal is timely because Defendants are filing this Petition within thirty (30) days after service of the Summons and Complaint on April 13, 2016.

## III. PLAINTIFF'S CLAIMS ARE SUBJECT TO REMOVAL UNDER SECTION 1332(A)

7. This court has original jurisdiction of this action under 28 U.S.C. Section 1332(a)(1). As set forth below, this action is removable, pursuant to 28 U.S.C. section 1441(a), as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and the parties are citizens of different states.

### A. Complete Diversity Exists Between The Parties.

#### 1. Plaintiff is a citizen of California.

8. Plaintiff is, and at all times since the commencement of this action has been, a resident and citizen of the State of California. (Complaint, ¶ 1). For diversity purposes, a person is a "citizen" of the state in which he or she is

3

domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). The Complaint alleges that Plaintiff "is, and at all relevant times herein has been, an individual residing in California." (Complaint, ¶ 1.) Plaintiff, therefore, is, and at all times since the commencement of this action has been, a resident of California with the intent to remain in this state.

2. Defendants Are Not Citizens Of California.

9. Pursuant to United States Code, Title 28, Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). The Court held that the "'principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at p. 1184. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters - provided that the headquarters is the actual center of direction, control and coordination." *Id.*

10. Defendants are now, and were at the time of the filing of this action, citizens of a State other than California within the meaning of 28 U.S.C. section 1332(c)(1). Specifically, Ann Sacks, at the time this action was commenced, was and still is a corporation incorporated under the laws of the State of Oregon, with its principal place of business in the State of Oregon. (Declaration of Michelle Candelaria ("Candelaria Decl."), ¶¶ 3-4, attached hereto as **Exhibit D.**) Ann Sacks' principal place of business is located in Portland, Oregon because its headquarters, and its executive and senior management personnel, as well as its primary

4

management operations, are located at 8120 NE 33rd Drive, Portland, Oregon 97211. (*Id.*) Further, the company's corporate officers, including its President and Chief Merchandising Officer, direct, control and manage the affairs of the Company from the Portland, Oregon headquarters. (*Id.* at ¶ 4.) Accordingly, Ann Sacks is not a citizen of the State of California. (*Id.* at ¶ 3-4.)

11. Similarly, Kohler, at the time this action was commenced, was and still is a corporation incorporated under the laws of the State of Wisconsin, with its principal place of business in the State of Wisconsin. (Declaration of John Pawley ("Pawley Decl."), ¶ 3, attached hereto as **Exhibit E.**) Kohler's principal place of business is located in Kohler, Wisconsin because its headquarters, and its executive and senior management personnel, as well as its primary management operations, are located at 444 Highland Drive, Kohler, WI 53044. (*Id.* at ¶ 3-4.) Further, Kohler's Group President and highest ranking corporate employees are all located in Kohler, Wisconsin. (*Id.* at ¶ 4). Accordingly, Kohler is not a citizen of the State of California. (*Id.* at ¶¶ 3-4.)

12. "For purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). Inclusion of "Doe" defendants in a state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (in determining whether diversity of citizenship exists, only the named defendants are considered); *Salveson v. Western States Bankcard Ass'n.*, 731 F.2d 1423, 1429 (9th Cir. 1984) (holding that the rule in the Ninth Circuit is that non-served defendants are not required to join in a removal petition). Therefore, Plaintiff's inclusion of "DOES 1 through 20" in the Complaint cannot defeat diversity jurisdiction.

13. Based on the foregoing, this Court has original jurisdiction over this action based on diversity jurisdiction pursuant to United States Code, Title 28, Sections 1332(a) and 1441(a), because Plaintiff is a citizen of California and the

///

DEFENDANTS ANN SACKS TILE AND STONE, INC. AND KOHLER CO.'S
NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446

Defendants are not citizens of California. As a result, complete diversity between Plaintiff and Defendants exist.

**B.    The Amount in Controversy Exceeds $75,000.**

14.    Pursuant to Section 1332, removal jurisdiction is proper where the complaint, on its face, places at least $75,000 in controversy. Here, assuming Plaintiff's allegations to be true, the Complaint easily meets the requisite $75,000 amount in controversy for removal jurisdiction under Section 1332.[1]

15.    The Court may, for removal purposes, look to the removal papers for underlying facts to establish the jurisdictional limit. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The amount in controversy may be satisfied by the pleading of several different types of damages in the complaint, even though the exact dollar amount of such damages is not estimated by the removing party. *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1031-1035 (N.D. Cal. 2002).

16.    Plaintiff seeks to recover, among other things, compensatory damages, special damages, general damages, past and future lost income, emotional distress damages, punitive damages, and attorneys' fees. (*See* Complaint, ¶¶ 25-29, 34-38, 44-48, 55-59, 64-67; and Prayer for Relief, p. 10.)

### 1.    Lost Wages

17.    Plaintiff's Complaint seeks lost wages and other employment benefits. (*See* Complaint, ¶¶ 25, 34, 44, 55, 64, and Prayer for Relief, p. 10.)

18.    Plaintiff was terminated from her employment with Ann Sacks on December 12, 2014. (Candelaria Decl., ¶ 5.) At the time of Plaintiff's termination of employment, her hourly rate of pay was $19.65 or a weekly rate of $786. (*Id.* at ¶ 6.).

/ / /

---

[1] Defendants discuss the allegations in the Complaint solely to demonstrate that the amount in controversy in this matter exceeds $75,000. In doing so, however, Defendants do not admit that Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of her theories of liability.

DEFENDANTS ANN SACKS TILE AND STONE, INC. AND KOHLER CO.'S
NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446

19.     Consequently, as of the date of this removal, Plaintiff's alleged lost wages total approximately **$58,164** ($786/week x 74 weeks from December 12, 2014 (date of termination) to May 13, 2016 (date of removal)). *See, e.g., Rivera v. Costco Wholesale Corp.*, 2008 U.S. Dist. LEXIS 58610, at *1 (N.D. Cal. 2008) (calculating lost wages in wrongful termination case from date of termination to removal to establish the amount of controversy at the time of removal).

### 2.     Emotional Distress Damages

20.     Plaintiff's Complaint seeks damages for emotional distress. (Complaint, ¶¶ 27, 36, 46, 57, and 66.)

21.     A court may consider that emotional distress damages "are potentially substantial." *Richmond v. Allstate Ins. Co.*, 897 F.Supp.447, 450 (S.D. Cal. 1995). Such damages are also properly considered when calculating the amount in controversy even if emotional distress damages were not clearly pled. *Id.* at 450

22.     A review of jury verdicts in California demonstrates that emotional distress awards in discrimination cases commonly exceed $75,000. *See Juarez v. Autozone Stores, Inc.*, 2014 WL 7017660 (S.D. Cal.) (pain and suffering award of $250,000 in discrimination case); *Chopourian v. Catholic Healthcare West*, 2012 WL 767196 (E.D. Cal.) (pain and suffering award of $33,000,000 in harassment case); *Palma v. Rite Aid Corp.*, 2012 WL 3541952 (L.A. County Sup. Ct.) (award of $3,000,000 in pain and suffering to employee who was terminated after taking medical leaves in disability discrimination case); *Betson v. Rite Aid Corp.*, 2011 WL 3606913 (L.A. County Sup. Ct.) (pain and suffering award of $500,000 to employee in disability harassment action).

23.     Here, Plaintiff's disability discrimination and retaliated-based allegations are similar to the issues in the above-cited cases. Therefore, if Plaintiff were to prevail at trial, she could be awarded a substantial amount of emotional distress damages, in addition to any award for lost wages, punitive damages, and attorneys' fees.

7

DEFENDANTS ANN SACKS TILE AND STONE, INC. AND KOHLER CO.'S
NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446

### 3.    Punitive Damages

24.    Plaintiff also seeks punitive and exemplary damages against Defendants. (Complaint, ¶¶ 28, 37, 47, 58, 67 and Prayer for Relief, p. 10).

25.    Where both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining the jurisdictional amount. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law).

26.    A review of jury verdicts in California demonstrates that punitive damages awards in discrimination or retaliation cases commonly exceed $75,000. See *Juarez v. Autozone Stores, Inc.*, 2014 WL 7017660 (S.D. Cal.) (punitive damages award of $185,000,000 in discrimination case); *Chopourian v. Catholic Healthcare West*, 2012 WL 767196 (E.D. Cal.) (punitive damages award of $125,000,000 in harassment case); *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (holding that a punitive damage award of $1,900,000, equal to the compensatory damage award, was appropriate in disability case). Therefore, if Plaintiff were to prevail at trial, she could be awarded a substantial amount of punitive damages, in addition to any award for lost wages, emotional distress damages, and attorneys' fees.

### 4.    Attorneys' Fees

27.    Plaintiff alleges that she is entitled to recover attorneys' fees. (*See* Complaint, ¶¶ 33, 44, 56, 64, 74, 87, and Prayer for Relief, p. 15).

28.    Statutorily-mandated attorneys' fees are properly included in the amount in controversy. *Lowdermilk v. US Bank Nat'l Assoc.*, 479 F.3d 994, 1000 (9th Cir. 2007). Under California Government Code section 12965(b), the court, in its discretion, may award fees and costs to the "prevailing party" in Fair Employment and Housing Act actions. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances

8

that would render the award unjust." *Horsford v. Board of Trs. of Cal. State Univ.*, 132 Cal.App.4th 359, 394 (2005).

29.    Recent attorneys' fees awards in other employment actions with similar claims show that attorneys' fees awards, alone, often exceed $75,000. *See, e.g., Good Nite Inn Mgmt., Inc. v. Ahmed*, 2011 WL 2565257, at *1-2, 12 (Cal. Ct. App. 1st Dist. June 29, 2011) (affirming attorneys' fees of $210,625.75 to single plaintiff in employment case).   Therefore, if Plaintiff were to prevail at trial, she could be awarded a substantial amount of attorneys' fees, in addition to any award for lost wages, emotional distress damages, and punitive damages.

30.    Thus, Plaintiff's Complaint, on its face, contains numerous cumulative and alternative bases to establish that the damages sought exceed the Court's jurisdictional minimum of $75,000. *See White v. FCI USA, Inc.* 319 F.3d 672, 674 (5th Cir. 2003) (facially apparent that wrongful termination claim exceeded $75,000 due to lengthy list of damages including loss of pay, emotional distress, and attorneys' fees); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002) (finding that the plaintiff's alleged loss income of $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional damages, punitive damages, and attorney's fees anticipated to incur through trial, satisfied the amount in controversy required to establish diversity jurisdiction).

### 5.    Conclusion

31.    Because diversity of citizenship exists between the Plaintiff and Defendants, and the matter in controversy between the parties is in excess of $75,000, this Court has original jurisdiction over this action pursuant to 28 U.S.C. section 1332(a)(1). Removal of this action, therefore, is proper.

/ / /

/ / /

/ / /

DEFENDANTS ANN SACKS TILE AND STONE, INC. AND KOHLER CO.'S
NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446

## IV.    VENUE IS PROPER

32.    In accordance with United States Code, Title 28, Section 1441(a), this notice of removal is filed in the district court of the United States in which the action is pending. The Superior Court of California, County of Orange is located within the Central District of California. 28 U.S.C. § 84(c)(3). Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## V.    CONSENT TO REMOVAL BY DEFENDANT MANPOWERGROUP

33.    Defendant ManpowerGroup Inc. ("ManpowerGroup"), a citizen of the State of Wisconsin, was served in the State Court Action on April 13, 2016. (*See* Declaration of Roxana Cook ("Cook Decl."), ¶¶ 3-4 attached hereto as **Exhibit F.**)

34.    ManpowerGroup joins in this Notice of Removal.[2] (Cook Decl., ¶5.)

## VI.    SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446

35.    In accordance with United States Code, Title 28, Section § 1446(a), this Notice of Removal is accompanied by the Declarations of Michelle Candelaria and John Pawley (**Exhibits D-E**), a copy of all processes, pleadings, and orders served upon the Defendants (**Exhibits A-C**), and the Declaration of Roxana Cook (**Exhibit F**).

36.    As required by 28 U.S.C. § 1446(b), the Notice of Removal was filed within 30 days after the Defendants were first served with a copy of the Summons and Complaint.

37.    As required by 28 U.S.C. § 1446(d) the Defendants provided notice of this removal to Plaintiff through her attorney of record.

///

---

[2] Because Plaintiff was not employed by ManpowerGroup during the relevant time period, Plaintiff and ManpowerGroup have reached an agreement to dismiss ManpowerGroup from this action without prejudice. However, because the dismissal likely will not be filed in the State Court Action prior to the removal to federal court, ManpowerGroup joins in Defendants' Notice of Removal.

10

DEFENDANTS ANN SACKS TILE AND STONE, INC. AND KOHLER CO.'S
NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446

38.   As required by 28 U.S.C. § 1446 (d) a copy of the original Notice of Removal will be filed with the Superior Court of the State of California, for the County of Orange.

39.   In the event this Court has a question regarding the propriety of this Notice of Removal, Defendants request that it issue an Order to Show Cause so that they may have an opportunity to more fully brief the basis for this removal.

## VII.   CONCLUSION

40.   Defendants respectfully request that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the Superior Court of California to the United States District Court for the Central District.

DATED:  May 13, 2016

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /s/ Allison C. Eckstrom
    Allison C. Eckstrom

Attorneys for Defendants
ANN SACKS TILE AND STONE, INC.; KOHLER CO.; and MANPOWERGROUP US INC.

DEFENDANTS ANN SACKS TILE AND STONE, INC. AND KOHLER CO.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446

# EXHIBIT A

**AEGIS LAW FIRM, PC**
KASHIF HAQUE, State Bar No. 218672
CINDY PHAM, State Bar No. 286893
9811 Irvine Center Dr. Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile: (949) 379-6251

Attorneys for Plaintiff,
SHARON TINIO

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**03/23/2016** at 12:25:09 PM

Clerk of the Superior Court
By Lourdes Mora, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

SHARON TINIO, an individual,

Plaintiff,

vs.

ANN SACKS TILE AND STONE, INC.,
an Oregon Corporation; KOHLER CO., a
Wisconsin Corporation;
MANPOWERGROUP US INC., a
Wisconsin Corporation; and DOES 1
through 20 inclusive,

Defendants.

CASE NO.: 30-2016-00842419-CU-OE-CJC

**COMPLAINT FOR DAMAGES**

1. **Disability Discrimination;**
2. **Failure to Engage in the Interactive Process;**
3. **Failure to Reasonably Accommodate;**
4. **Failure to Prevent Discrimination; and**
5. **Wrongful Termination.**

Judge Peter Wilson

**JURY TRIAL REQUESTED**

[UNLIMITED JURISDICTION]

Plaintiff SHARON TINIO ("Plaintiff") hereby brings this Complaint against Defendants ANN SACKS TILE AND STONE, INC; KOHLER CO.; MANPOWERGROUP US INC.; and DOES 1 through 20, inclusive (collectively referred to herein as "Defendants"), and alleges as follows:

### PARTIES, VENUE, AND GENERAL ALLEGATIONS

1.    Plaintiff is, and at all relevant times herein has been, an individual residing in Orange County.

2.    Plaintiff is informed and believes that ANN SACKS TILE AND STONE, INC is

-1-

EXHIBIT A - PAGE 13

an Oregon corporation with its principal place of business located at 23807 Aliso Creek Rd, Laguna Niguel, California 92677.

3. Plaintiff is informed and believes that KOHLER CO. is a Wisconsin corporation with its principal place of business located at 444 Highland Drive, Kohler, Wisconsin 53044.

4. Plaintiff is informed and believes that MANPOWERGROUP US INC is a Wisconsin corporation with its principal place of business located at 100 Manpower Place, Milwaukee, Wisconsin 53212.

5. Plaintiff is informed and believes and based thereon alleges that Defendants and each of them employed in excess of five (5) employees and was/is an employer covered by the Fair Employment and Housing Act ("FEHA") and the California Government Code ("Government Code").

6. The true names and capacities, whether a corporation, agent, individual, or otherwise, of defendant DOES 1 through 20, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Each defendant designated herein as a DOE is negligently or otherwise legally responsible in some manner for the events and happenings referred to herein and thereby proximately caused injuries and damages to Plaintiff as alleged herein. Plaintiff will seek leave of Court to amend this Complaint to show their names and capacities when the same have been ascertained.

7. At all times mentioned herein, DOES 1 through 20, were the agents, representatives, successors and/or assigns of Defendants and at all times pertinent hereto were acting within the course and scope of their authority as such agents, representatives, employees, successors and/or assigns.

8. Plaintiff is informed and believes that at all times material hereto, Defendants and their agents, employees, alter egos and/or joint ventures were acting within the course and scope of such agency, employment, joint venture, or concerted activity.

9. Plaintiff is informed and believes that at all relevant times herein mentioned Defendants and DOES 1 through 20 are and were corporations, business entities, individuals and partnerships, licensed to do business and actually doing business in the State of California.

-2-

**COMPLAINT**

EXHIBIT A - PAGE 14

Defendants own and operate a business in Orange County. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to the FEHA and the Government Code.

10.   Pursuant to Code of Civil Procedure 395(a), venue is proper in the above-entitled Court because the majority of all facts giving rise to the causes of action stated herein arose in Orange County, California. Venue is also proper under Government Code 12965(b) because the unlawful practices were committed in Orange County, California; Plaintiff worked in Orange County, California; and Plaintiff is informed and believes that records relevant to this action are maintained in Orange County, California.

11.   Plaintiff is informed and believes that Defendants, and each of them, committed other wrongful acts or omissions of which Plaintiff is presently unaware. Plaintiff shall conduct discovery to identify said wrongful acts, and will seek leave of Court to amend this Complaint to add said acts upon discovery.

## FACTS COMMON TO ALL CAUSES OF ACTION

12.   Defendants hired Plaintiff as Senior Showroom Administrator in or around June 2014. Plaintiff suffered from Schizophrenia.

13.   On or about October 8, 2014, Plaintiff was hospitalized at Mission Hospital for 26 days due to complications with her mental disability. Administrators at Mission Hospital informed Defendants of Plaintiff's admittance.

14.   On or about November 3, 2014, Plaintiff returned to work, wherein she was criticized by Defendants for taking leave. Specifically, Garret Oshuch, manager, and Sophie Lentini, salesperson, both complained to Plaintiff that it was busy while she was out and they had to perform her duties.

15.   On or about November 10, 2014, Plaintiff called in sick to work due to complications with her disability.

16.   On or about December 14, 2014, Defendants terminated Plaintiff.

17.   On or about November 17, 2015, Plaintiff filed a Charge of Discrimination with the Department of Fair Employment and Housing against Defendants and obtained Right-to-Sue

-3-

**COMPLAINT**

Notices authorizing her to institute this action.

## FIRST CAUSE OF ACTION

### *Disability Discrimination*

(Against all Defendants)

18. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

19. At all times relevant herein, Government Code § 12940(a) was in full force and effect, and was binding upon Defendants. Said section makes it unlawful for an employer to discriminate against an employee on the basis of the employee's disability.

20. Plaintiff suffered from Schizophrenic Disorder, which is a mental disability that limited at least one of her major life activities.

21. Plaintiff was able to perform her essential job duties, with reasonable accommodation for her condition.

22. Defendants were aware that Plaintiff suffered from this condition and discriminated against her based upon her disability.

23. Defendants regarded Plaintiff as having a physical disability that makes achievement of a major life activity difficult.

24. Plaintiff has suffered an adverse employment action because she was terminated due to her disability, as described above.

25. As a direct, foreseeable, and proximate result of Defendants' behavior, Plaintiff has suffered, and continues to suffer, substantial losses in past and future earnings, bonuses, deferred compensation and other employment benefits, all to Plaintiff's damage in an amount according to proof at trial.

26. As further direct, foreseeable, and proximate result of Defendants' behavior, Plaintiff has suffered and incurred, and is suffering and incurring, serious harm and damage to Plaintiff's personal and professional reputation and credibility, all to Plaintiff's damage in an amount according to proof at trial.

27. As further direct, foreseeable and proximate result of Defendants' behavior,

-4-

COMPLAINT

Plaintiff has suffered, and continues to suffer, severe and lasting embarrassment, humiliation, mental anguish and emotional distress, and incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof at trial.

28. Plaintiff is informed and believes, and thereon alleges, that Defendants committed the acts described herein deliberately, callously, maliciously, fraudulently, and in an oppressive manner, intended to injure Plaintiff, and that such improper motives amounted to malice and a conscious disregard of Plaintiff's rights. The acts committed by Defendants as alleged herein were committed and/or ratified by managing agents of the company, who were acting pursuant to the authorization of the company. An award of punitive damages against Defendants is therefore warranted.

29. Plaintiff has also incurred and continues to incur attorney's fees and legal expenses in an amount to be determined at trial according to proof.

**SECOND CAUSE OF ACTION**

***Failure to Engage in the Interactive Process***

(Against all Defendants)

30. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

31. Defendants had actual notice that Plaintiff had a disability.

32. As alleged herein, Defendants refused to engage in a good faith interactive dialogue with Plaintiff to determine all of the reasonable accommodations that would enable her to perform the essential functions of her job.

33. Defendants terminated Plaintiff because of her disability and/or perceived disability without engaging in this interactive process in conscious disregard of her rights under Government Code § 12940(n).

34. As a direct, foreseeable, and proximate result of Defendants' behavior, Plaintiff has suffered, and continues to suffer, substantial losses in past and future earnings, bonuses, deferred compensation and other employment benefits, all to Plaintiff's damage in an amount according to proof at trial.

-5-

**COMPLAINT**

EXHIBIT A - PAGE 17

35. As further direct, foreseeable, and proximate result of Defendants' behavior, Plaintiff has suffered and incurred, and is suffering and incurring, serious harm and damage to Plaintiff's personal and professional reputation and credibility, all to Plaintiff's damage in an amount according to proof at trial.

36. As further direct, foreseeable, and proximate result of Defendants' behavior, Plaintiff has suffered, and continues to suffer, severe and lasting embarrassment, humiliation, mental anguish and emotional distress, and incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof at trial.

37. Plaintiff is informed and believes, and thereon alleges, that Defendants committed the acts described herein deliberately, callously, maliciously, fraudulently and in an oppressive manner, intended to injure Plaintiff and that such improper motives amounted to malice and a conscious disregard of Plaintiff's rights. The acts committed by Defendants as alleged herein were committed and/or ratified by managing agents of the company, who were acting pursuant to the authorization of the company. An award of punitive damages against Defendants is therefore warranted.

38. Plaintiff has also incurred and continues to incur attorney's fees and legal expenses in an amount to be determined at trial according to proof.

## THIRD CAUSE OF ACTION

### *Failure to Reasonably Accommodate*

### (Against all Defendants)

39. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

40. At all times relevant herein, Government Code § 12940(m) was in full force and effect, and was binding upon Defendants. Said section provides that it is unlawful for an employer to fail to make reasonable accommodation for the known disability of an employee.

41. Plaintiff suffers from a disability as described above.

42. Defendants were aware of Plaintiff's disability because she informed them of the disability and sought accommodation for the disability.

-6-

COMPLAINT

43. Defendants failed to accommodate Plaintiff's needs based on her disability by terminating her rather than dealing with her need for accommodation.

44. As a direct, foreseeable, and proximate result of Defendants' behavior, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings, bonuses, deferred compensation and other employment benefits, all to Plaintiff's damage in an amount according to proof at trial.

45. As further direct, foreseeable, and proximate result of Defendants' behavior, Plaintiff has suffered and incurred, and is suffering and incurring, serious harm and damage to Plaintiff's personal and professional reputation and credibility, all to Plaintiff's damage in an amount according to proof at trial.

46. As further direct, foreseeable, and proximate result of Defendants' behavior, Plaintiff has suffered, and continues to suffer, severe and lasting embarrassment, humiliation, mental anguish and emotional distress, and incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof at trial.

47. Plaintiff is informed and believes, and thereon alleges, that Defendants committed the acts described herein deliberately, callously, maliciously, fraudulently and in an oppressive manner, intended to injure Plaintiff and that such improper motives amounted to malice and a conscious disregard of Plaintiff's rights. The acts committed by Defendants as alleged herein were committed and/or ratified by managing agents of the company, who were acting pursuant to the authorization of the company. An award of punitive damages against Defendants is therefore warranted.

48. Plaintiff has also incurred and continues to incur attorney's fees and legal expenses in an amount to be determined at trial according to proof.

### FOURTH CAUSE OF ACTION

#### *Failure to Prevent Discrimination*

(Against all Defendants)

49. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

-7-

COMPLAINT

50.    At all times herein mentioned, Government Code § 12940(k) was in full force and effect, and was binding upon the Defendants, and each of them. Government Code § 12940(k) required Defendants to take all reasonable steps to prevent discrimination from occurring.

51.    Plaintiff suffered from a disability. As set forth more fully above, Plaintiff was discriminated against during her employment by one of Defendants' managing agents as a result of her disability.

52.    Plaintiff is informed and believes that Defendants failed to take all reasonable steps to prevent the discrimination from occurring.

53.    Plaintiff is informed and believes that Defendants' failures included failure to properly or timely investigate, failure to set up an effective leave procedures, and engaging in, ratifying, and/or permitting discrimination against Plaintiff.

54.    Defendants' failure to take reasonable steps to prevent discrimination was a substantial factor in causing Plaintiff's harm.

55.    As a direct, foreseeable, and proximate result of Defendants' behavior, Plaintiff has suffered, and continues to suffer, substantial losses in past and future earnings, bonuses, deferred compensation and other employment benefits, all to Plaintiff's damage in an amount according to proof at trial.

56.    As further direct, foreseeable, and proximate result of Defendants' behavior, Plaintiff has suffered and incurred, and is suffering and incurring, serious harm and damage to Plaintiff's personal and professional reputation and credibility, all to Plaintiff's damage in an amount according to proof at trial.

57.    As further direct, foreseeable, and proximate result of Defendants' behavior, Plaintiff has suffered, and continues to suffer, severe and lasting embarrassment, humiliation, mental anguish and emotional distress, and incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof at trial.

58.    Plaintiff is informed and believes, and thereon alleges, that Defendants committed the acts described herein deliberately, callously, maliciously, fraudulently and in an oppressive manner, intended to injure Plaintiff and that such improper motives amounted to malice and a

-8-

COMPLAINT

conscious disregard of Plaintiff's rights. The acts committed by Defendants as alleged herein were committed and/or ratified by managing agents of the company, who were acting pursuant to the authorization of the company. An award of punitive damages against Defendants is therefore warranted.

59.   Plaintiff has also incurred and continues to incur attorney's fees and legal expenses in an amount to be determined at trial according to proof.

## FIFTH CAUSE OF ACTION

### *Wrongful Termination*

(Against all Defendants)

60.   Plaintiff hereby incorporates by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

61.   Defendants' conduct violates fundamental principles of public policy in that there is a substantial and fundamental policy against discriminating against employees for unlawful purposes, including on account of an employee's disability, on account of an employee's opposition to unlawful practices under the FEHA, and for exercising rights under the Constitution and laws of the State of California.

62.   On or about December 14, 2015, Defendants wrongfully terminated Plaintiff's employment. Plaintiff is informed and believes that her employment was terminated because of her disability and need for accommodation.

63.   In doing the acts described herein, Defendants deprived Plaintiff of employment, as well as other benefits, by failing to perform their duties to administer and apply all State and local laws, procedures and regulations.

64.   As a direct, foreseeable, and proximate result of Defendants' behavior, Plaintiff has suffered, and continues to suffer, substantial losses in past and future earnings, bonuses, deferred compensation and other employment benefits, all to Plaintiff's damage in an amount according to proof at trial.

65.   As further direct, foreseeable, and proximate result of Defendants' behavior, Plaintiff has suffered and incurred, and is suffering and incurring, serious harm and damage to

-9-

COMPLAINT

Plaintiff's personal and professional reputation and credibility, all to Plaintiff's damage in an amount according to proof at trial.

66. As further direct, foreseeable, and proximate result of Defendants' behavior, Plaintiff has suffered, and continues to suffer, severe and lasting embarrassment, humiliation, mental anguish and emotional distress, and incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof at trial.

67. Plaintiff is informed and believes, and thereon alleges, that Defendants committed the acts described herein deliberately, callously, maliciously, fraudulently, and in an oppressive manner, intended to injure Plaintiff and that such improper motives amounted to malice and a conscious disregard of Plaintiff's rights. The acts committed by Defendants as alleged herein were committed and/or ratified by managing agents of the company, who were acting pursuant to the authorization of the company. An award of punitive damages against Defendants is therefore warranted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For compensatory damages according to proof, including past and future lost earnings and other employment benefits, costs of seeking other employment, and for damages for emotional distress, humiliation, and mental anguish;

2. For general damages;

3. For special damages;

4. For pre-judgment and post-judgment interest;

5. For all damages available for violations of the FEHA and the Government Code;

6. For punitive and exemplary damages as applicable, and according to proof;

7. For attorney's fees and costs of suit incurred, pursuant to Government Code § 12965(b) and any other applicable provisions of law; and

8. For any other and further relief as the Court deems just and proper.

///

-10-

COMPLAINT

Dated: *March 18, 2016*          *AEGIS LAW FIRM, PC*

By _____
                    Kashif Haque
                    Cindy Pham
                    Attorneys for Plaintiff SHARON TINIO


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of Plaintiff's claims by jury to the extent authorized by law.

Dated: *March 18, 2016*          *AEGIS LAW FIRM, PC*

By _____
                    Kashif Haque
                    Cindy Pham
                    Attorneys for Plaintiff SHARON TINIO

-11-

**COMPLAINT**

EXHIBIT A - PAGE 23

# EXHIBIT B

 **CT Corporation**

**Service of Process Transmittal**
04/13/2016
CT Log Number 528989021

**TO:**  James M. Robinson, VP-General Counsel & Corporate Secretary
KOHLER CO.
444 Highland Dr
Kohler, WI 53044-1541

**RE:**  **Process Served in California**

**FOR:**  Ann Sacks Tile and Stone, Inc.  (Domestic State: OR)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | SHARON TINIO, etc., Pltf. vs. ANN SACKS TILE AND STONE, INC., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet |
| **COURT/AGENCY:** | Orange County - Superior Court - Santa Ana, CA<br>Case # 30201600842418CUOECJC |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - December 14, 2014 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/13/2016 at 10:55 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | KASHIF HAQUE<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Dr. Suite 100<br>Irvine, CA 92618<br>949-379-6250 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 782831296675 |
| | Image SOP |
| | Email Notification,  Jane Rivers  jane.rivers@kohler.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / SB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT B - PAGE 25**

4/13/2016 @ 10:35 am

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

ANN SACKS TILE AND STONE, INC., an Oregon Corporation;
KOHLER CO., a Wisconsin Corporation; MANPOWERGROUP US INC,
a Wisconsin Corporation; and DOES 1 through 20, inclusive,
**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

SHARON TINIO, an individual,

| FOR COURT USE ONLY |
| --- |
| (SOLO PARA USO DE LA CORTE) |
| **ELECTRONICALLY FILED** |
| Superior Court of California, |
| County of Orange |
| **03/23/2016** at 12:25:09 PM |
| Clerk of the Superior Court |
| By Lourdes Mora, Deputy Clerk |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es): Central Justice Center

700 Civic Center Drive West
Santa Ana, CA 92701

| CASE NUMBER: |
| --- |
| (Número del Caso): 30-2016-00842418-CU-OE-CJC |
| Judge Peter Wilson |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Kashif Haque, Esq., AEGIS LAW FIRM, PC, 9811 Irvine Ctr Dr, Ste 100, Irvine, CA 92618, 949-379-6250

DATE: 03/23/2016 ALAN CARLSON, Clerk of the Court    Clerk, by _____, Deputy
(Fecha)                                              (Secretario)                    (Adjunto)

Lourdes Mora

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): ANN SACKS TILE AND STONE, INC., an Oregon Corporation

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT B - PAGE 26**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>KASHIF HAQUE, SBN 218672<br>CINDY PHAM, SBN 286893<br>9811 IRVINE CENTER DRIVE, SUITE 100<br>IRVINE, CA 92618 | 751 | FOR COURT USE ONLY |
|---|---|---|

TELEPHONE NO.: (949)379-6250    FAX NO. (Optional): (949)379-6251
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): PLAINTIFF SHARON TINIO

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE
MAILING ADDRESS: 700 CIVIC CENTER DRIVE
CITY AND ZIP CODE: SANTA ANA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**04/21/2016** at 11:38:00 AM

Clerk of the Superior Court
By e Clerk, Deputy Clerk

PLAINTIFF/PETITIONER: Sharon Tinio, an individual

DEFENDANT/RESPONDENT: Ann Sacks Tile and Stone, Inc., an Oregon
Corporation, et al.

CASE NUMBER:
30-2016-00842418-CU-OE-CJC

Ref. No. or File No.:

**PROOF OF SERVICE OF SUMMONS**

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☐ other *(specify documents):*
3. a. Party served *(specify name of party as shown on documents served):*
   Ann Sacks Tile and Stone, Inc., an Oregon Corporation

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Vivian Imperial of CT Corp, agent for service of process for subject in 3.A.

4. Address where the party was served:
   818 West Seventh St., Ste 930, Los Angeles, CA 90017
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 4/13/2016    (2) at *(time):* 10:55Am
   b. ☐ **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

**EXHIBIT B - PAGE 27**

| PLAINTIFF/PETITIONER: Sharon Tinio, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ann Sacks Tile and Stone, Inc., an Oregon | 30-2016-00842418-CU-OE-CJC |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in Item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

      (1) on *(date)*:                   (2) from *(city)*:

      (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

      (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

      ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☐  as an individual defendant.
  b.  ☐  as the person sued under the fictitious name of *(specify)*:
  c.  ☐  as occupant.
  d.  ☑  On behalf of *(specify)*:  Ann Sacks Tile and Stone, Inc., an Oregon Corporation
      under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**
  a.  Name:  Trevor Wilkinson
  b.  Address:  P.O. Box 61580, Irvine, CA 92602
  c.  Telephone number:  (949)842-2768
  d.  **The fee** for service was:  $ 65
  e.  I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☑ a registered California process server:
        (i)  ☑ owner  ☐ employee  ☐ independent contractor.
        (ii)  Registration No.: 3308
        (iii)  County: Orange

8.  ☑  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 4/13/2016

Trevor Wilkinson
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE )

EXHIBIT B - PAGE 28

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| KASHIF HAQUE, SBN 218672  751<br>CINDY PHAM, SBN 286893<br>9811 IRVINE CENTER DRIVE, SUITE 100<br>IRVINE, CA 92618<br>TELEPHONE NO.: (949)379-6250   FAX NO. *(Optional):* (949)379-6251<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* PLAINTIFF SHARON TINIO | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**04/21/2016** at 11:38:00 AM<br><br>Clerk of the Superior Court<br>By e Clerk,Deputy Clerk |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 700 CIVIC CENTER DRIVE<br>MAILING ADDRESS: 700 CIVIC CENTER DRIVE<br>CITY AND ZIP CODE: SANTA ANA 92701<br>BRANCH NAME: CENTRAL JUSTICE CENTER | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Sharon Tinio, an individual | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Ann Sacks Tile and Stone, Inc., an Oregon | 30-2016-00842418-CU-OE-CJC |
| Corporation, et al. | Ref. No. or File No.: |
| **PROOF OF SERVICE OF SUMMONS** | |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. [✔] summons

   b. [✔] complaint

   c. [ ] Alternative Dispute Resolution (ADR) package

   d. [✔] Civil Case Cover Sheet *(served in complex cases only)*

   e. [ ] cross-complaint

   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*

   Kohler Co., a Wisconsin Corporation

   b. [✔] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

   Vivian Imperial of CT Corp, agent for service of process for subject in 3.A.

4. Address where the party was served:
   818 West Seventh St., Ste 930, Los Angeles, CA 90017

5. I served the party *(check proper box)*

   a. [✔] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 4/13/2016   (2) at *(time):* 10:55Am

   b. [ ] **by substituted service.** On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*   from *(city):*   or [ ] a declaration of mailing is attached.

   (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

**EXHIBIT B - PAGE 29**

| PLAINTIFF/PETITIONER: Sharon Tinio, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ann Sacks Tile and Stone, Inc., an Oregon | 30-2016-00842418-CU-OE-CJC |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*               (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☑ On behalf of *(specify):*  Kohler Co., a Wisconsin Corporation

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

  a. Name: Trevor Wilkinson

  b. Address: P.O. Box 61580, Irvine, CA 92602

  c. Telephone number: (949)842-2768

  d. The fee for service was: $ 65

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ a registered California process server:

      (i) ☑ owner ☐ employee ☐ independent contractor.

      (ii) Registration No.: 3308

      (iii) County: Orange

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 4/13/2016

Trevor Wilkinson

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        ▶               (SIGNATURE)

**EXHIBIT B - PAGE 30**

# EXHIBIT C

EXHIBIT C - PAGE 31

| | |
|---|---|
| **From:** | noreply@onelegal.com |
| **Sent:** | Wednesday, May 11, 2016 10:47 AM |
| **To:** | Montgomery, Erin |
| **Subject:** | Order 10294461 Has Been Received by the Court |

To check the status of your order and view your order details:

1. Go to http://www.onelegal.com and login with your email address and password
2. Click on "Recent Orders"
3. Click on order number 10294461

You will receive another email from us updating your order's status.

We will deliver the eService notification via email to each of the eService Recipients you selected.

## FILING INFORMATION

Order Type: eFiling-eService
Order No.: 10294461
Submitted: 5/11/2016 10:46:43 AM

Jurisdiction: Superior Court of California, Orange County
Location: Central Justice Center
Case Category: Civil - Unlimited
Case Type: Other employment
Case Number: 30-2016-00842418-CU-OE-CJC
Case Title: Tinio vs. Ann Sacks Tile and Stone, Inc.
Lead Document: Answer to Complaint

If you have any questions or need assistance, please send an email to support@onelegal.com, and feel free to contact our Customer Support department Monday through Friday from 8:15 a.m. until 5:30 p.m. at 800-938-8815.

Thank you for choosing One Legal.

CCMSOE01

1

**EXHIBIT C - PAGE 32**

Allison C. Eckstrom, CA Bar No. 217255
allison.eckstrom@ogletreedeakins.com
Joseph P. Sbuttoni, CA Bar No. 213290
joseph.sbuttoni@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Suite 1500
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:    714.800.7900
Facsimile:     714.754.1298

Attorneys for Defendants
ANN SACKS TILE AND STONE, INC.
and KOHLER CO.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

| | |
|---|---|
| SHARON TINIO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ANN SACKS TILE AND STONE, INC., an Oregon Corporation; KOHLER CO., a Wisconsin Corporation; MANPOWERGROUP US INC., a Wisconsin Corporation; and DOES 1 through 20 inclusive,<br><br>Defendants. | Case No. 30-2016-00842418-CU-OE-CJC<br><br>[Assigned for all purposes to the Honorable Peter Wilson, Department C15]<br><br>**ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT BY DEFENDANTS ANN SACKS TILE AND STONE, INC. AND KOHLER CO.**<br><br>Action Filed:      March 23, 2016<br>Trial Date:         None Set |

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT BY
DEFENDANTS ANN SACKS TILE AND STONE, INC. AND KOHLER CO.

EXHIBIT C - PAGE 33

Defendants ANN SACKS TILE AND STONE, INC. and KOHLER CO. (collectively, "Defendants") hereby answer the unverified Complaint ("Complaint") filed by Plaintiff SHARON TINIO ("Plaintiff") as follows:

## I.

## GENERAL AND SPECIFIC DENIALS

Pursuant to the provisions of *Code of Civil Procedure* section 431.30, subdivision (d), Defendants deny, generally and specifically, each and every allegation contained in the Complaint filed herein by Plaintiff. Defendants deny, generally and specifically, that Plaintiff has been damaged in any sum, or at all, by reason of any act or omission on the part of Defendants, or by any act or omission by any agent or employee of Defendants. Defendants further deny, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

## II.

## AFFIRMATIVE DEFENSES

Without waiving the foregoing, Defendants assert the following separate and distinct affirmative defenses to Plaintiff's Complaint, and to each purported cause of action therein, and prays for judgment as set forth below.

Defendants also hereby give notice that they intend to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Defendants reserve the right to amend this Answer to assert any such defenses based on such investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.     Defendants allege that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, because Plaintiff's Complaint fails to state facts sufficient to constitute a claim for relief against Defendants.

/ / /

2

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT BY
DEFENDANTS ANN SACKS TILE AND STONE, INC. AND KOHLER CO.

EXHIBIT C - PAGE 34

## SECOND AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

2.     Defendants allege that the causes of action stated in the Complaint are barred by the applicable statutes of limitations, including, but not limited to: California *Government Code* sections 12960(d) and 12965(b) and California Code of Civil Procedure sections 340 and 343.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction / Failure to Exhaust Administrative Remedies)

3.     Defendants allege that this court lacks subject matter jurisdiction in that Plaintiff failed to timely and properly exhaust her administrative remedies.    To the extent that Plaintiff makes allegations or claims which were not made the subject of a timely complaint against Defendants filed by or on behalf of Plaintiff with the California Department of Fair Employment and Housing ("DFEH") as required by California Government Code sections 12900 *et seq.*, the Court lacks jurisdiction with respect to Plaintiff's Causes of Action.

## FOURTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences — No Damages)

4.     Defendants allege that Plaintiff's prayers for general damages, special damages, compensatory damages, and punitive damages regarding each cause of action stated in Plaintiff's Complaint are barred under California law by the doctrine of avoidable consequences, as set forth in *State Department of Health Services v. Superior Court (McGinnis)*, 31 Cal. 4th 1026 (2003), on the grounds that Plaintiff unreasonably failed to make use of Defendants' procedures by failing to timely and properly report any alleged discrimination, harassment, retaliation, or other unlawful conduct and Plaintiff's damages would have been avoided in whole or in part by reasonable use of these procedures.

/ / /

/ / /

/ / /

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT BY
DEFENDANTS ANN SACKS TILE AND STONE, INC. AND KOHLER CO.

EXHIBIT C - PAGE 35

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

5.    Defendants allege that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, because Plaintiff has failed, and continues to fail, to mitigate, by the exercise of reasonable effort and/or care, any damages allegedly caused by the acts and/or omissions allegedly attributed to Defendants.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Utilize Policy)

6.    Defendants allege that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, because Defendants, at all relevant times, exercised reasonable care to prevent and correct promptly any alleged unlawful behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants to otherwise avoid harm.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith Belief)

7.    Defendants allege that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, because any decisions made by Defendants with respect to Plaintiff's work status were reasonably based on the facts as Defendants understood them.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

8.    Defendants allege that Plaintiff's recovery in this action is barred, in whole or in part, by Plaintiff's own unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

9.    Defendants allege that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, by the doctrine of waiver.

/ / /

/ / /

4

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT BY
DEFENDANTS ANN SACKS TILE AND STONE, INC. AND KOHLER CO.

EXHIBIT C - PAGE 36

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

10.    Defendants allege that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Consent)

11.    Defendants allege that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, by the doctrine of consent insofar as the conduct of which Plaintiff complains was incident to the employment relationship.

## TWELFTH AFFIRMATIVE DEFENSE

### (Laches)

12.    Defendants allege that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, because Plaintiff is guilty of undue delay in filing and prosecuting this suit, and accordingly, this action is barred by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages Against Corporate Defendants)

13.    As a separate and affirmative defense, Plaintiff is not entitled to recover punitive damages from Defendants for the alleged acts referred to in Plaintiff's Complaint on the grounds that said acts, if any, were performed by an employee or third party of Defendants, and that none of Defendants' officers, directors, or managing agents committed the alleged acts, nor authorized them, nor ratified them, nor did Defendants or their respective officers, directors, or managing agents have advance knowledge of the unfitness, if any, of the employee or employees who allegedly committed said acts, nor did Defendants employ said employee or employees with a conscious disregard of the rights or safety of others. Cal. Civ. Code § 3294.

///

///

///

5

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT BY
DEFENDANTS ANN SACKS TILE AND STONE, INC. AND KOHLER CO.

EXHIBIT C - PAGE 37

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Constitutional Limit on Punitive Damages)

14.    As a separate and affirmative defense to Plaintiff's Complaint and each purported cause of action therein, while Defendants deny that they have committed or have responsibility for any act that could support the recovery of punitive damages by Plaintiff, to the extent that such recovery is sought by Plaintiff, recovery of punitive damages against Defendants is unconstitutional under the provisions of the United States and California Constitutions.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence Doctrine)

15.    Defendants allege that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, by the after-acquired evidence doctrine.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Outside the Scope of Employment)

16.    Defendants allege that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, because, if the alleged conduct occurred, it occurred outside the normal course and scope of employment of Defendants' agents and/or employees, if any, and was not authorized or ratified by Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Third-Party Liability)

17.    Defendants allege that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, because any alleged emotional, mental, and/or physical injury suffered by Plaintiff was proximately caused, in whole or in part, by the acts and/or omissions of persons and entities other than Defendants, including the acts and/or omissions of Plaintiff herself.

///

///

///

6

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT BY
DEFENDANTS ANN SACKS TILE AND STONE, INC. AND KOHLER CO.

EXHIBIT C - PAGE 38

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (*Civil Code* § 1431.2)

18.    Defendants allege that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, because any alleged emotional, mental, and/or physical injury suffered by Plaintiff was proximately caused by the acts and/or omissions of persons and entities other than Defendants. Accordingly, Defendants are entitled to an allocation of any and all non-economic damages pursuant to California *Civil Code* § 1431.2.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Decision Based on Understood Facts After Investigation)

19.    Defendants allege that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, by the fact that any decisions made by Defendants with respect to Plaintiff's employment were reasonably based on the facts as Defendants understood them after a reasonable good-faith investigation.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Legitimate Business Reason)

20.    Defendants allege that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, on the grounds that any alleged employment actions taken by Defendants that adversely affected Plaintiff's employment were reasonable in response to legitimate business necessities, and were taken for legitimate nondiscriminatory and/or non-retaliatory reasons.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Absence of Proximate Cause)

21.    Defendants allege that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, by the absence of proximate cause between Defendants' alleged acts and/or omissions and Plaintiff's alleged losses and/or injuries.

///

///

///

7

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT BY
DEFENDANTS ANN SACKS TILE AND STONE, INC. AND KOHLER CO.

EXHIBIT C - PAGE 39

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Privilege / Justification / Managerial Immunity)

22.   Defendants allege that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, as they are based on alleged conduct by Defendants that was a just and proper exercise of managerial discretion, undertaken for fair and honest reasons, comporting with good faith under the circumstances then existing, and was privileged and justified, as set forth in *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal.4th 553 (1998).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Offset)

23.   Defendants allege that, if Plaintiff sustained any damage as a result of the conduct alleged in the Complaint, which Defendants continue to deny, then Defendants are entitled to an offset to the extent that Plaintiff received income from other sources, including Workers' Compensation, California State Disability Insurance benefits, or subsequent employment.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Mixed Motive)

24.   The Complaint and each cause of action alleged therein are barred because assuming, *arguendo*, that there was a violation of the Fair Employment and Housing Act and/or other violation of law, the Complaint is barred because even without any said impermissible factor, all employment actions taken herein still would have been taken due to legitimate, non-prohibited, and/or independent reason(s). Defendants raise the "mixed-motive" defense.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

25.   The Complaint fails to allege facts sufficient to allow recovery of attorneys' fees from Defendants.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Lack of Knowledge of Alleged Disability/Medical Condition)

26.   Defendants allege that Plaintiff's causes of action based on disability discrimination are barred because Defendants had no knowledge of any alleged disability.

8

EXHIBIT C - PAGE 40

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Request Accommodation)

27.     Defendants allege that Plaintiff's causes of action based on failure to accommodate Plaintiff's disability and failure to engage in the interactive process fails as Plaintiff did not request any accommodations for any disability and, to the extent that any such requests were made, any breakdown in the interactive process was caused by Plaintiff.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Undue Hardship)

28.     Defendants allege that the causes of action stated in the Complaint are barred, in whole or in part, to the extent that Plaintiff's alleged disability could not have been accommodated without imposing an undue hardship upon Defendants.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Bona Fide Qualification)

29.     Defendants allege that Plaintiff's causes of action are barred, in whole or in part, to the extent that Defendants' alleged discriminatory practice is justified as Plaintiff is unable to safely and efficiently perform the job in question and because the essence of the business operation would otherwise be undermined.

## RESERVATION OF RIGHTS

Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Defendants reserve the right to assert additional defenses in the event that discovery indicates that any additional defenses would be appropriate.

**WHEREFORE,** Defendants pray as follows:

1.     That Plaintiff take nothing by way of her Complaint;

2.     That Plaintiff's Complaint herein be dismissed in its entirety with prejudice;

/ / /

/ / /

/ / /

9

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT BY
DEFENDANTS ANN SACKS TILE AND STONE, INC. AND KOHLER CO.

EXHIBIT C - PAGE 41

3.    For entry of judgment in favor of Defendants, and against Plaintiff, on all causes of action; and

4.    For such other and further relief as this Court may deem just and proper.

DATED: May 11, 2016

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Allison C. Eckstrom
Joseph P. Sbuttoni

Attorneys for Defendants
ANN SACKS TILE AND STONE, INC.
and KOHLER CO.

10

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT BY
DEFENDANTS ANN SACKS TILE AND STONE, INC. AND KOHLER CO.

EXHIBIT C - PAGE 42

**PROOF OF SERVICE**

*Sharon Tinio v. Ann Sacks Tile and Stone, Inc., et al.*
Case No.: 30-2016-00842418-CU-OE-CJC

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On May 11, 2016, I served the following document(s):

**ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT BY DEFENDANTS ANN SACKS TILE AND STONE, INC. AND KOHLER CO.**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached mailing list.

☐ with the Clerk of the United States District Court of Central District of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐ (Federal) I declare that I am **a member** of the State Bar of this Court. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May 11, 2016, at Costa Mesa, California.

Erin Montgomery
_____
Type or Print Name

_____
Signature

PROOF OF SERVICE

**EXHIBIT C - PAGE 43**

**SERVICE LIST**

*Sharon Tinio v. Ann Sacks Tile and Stone, Inc., et al.*
Case No.: 30-2016-00842418-CU-OE-CJC

| | |
|---|---|
| Kashif Haque, Esq.<br>Cindy Pham, Esq.<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Drive, Suite 100<br>Irvine, CA 92618<br>(949) 379-6250<br>Fax No.: (949) 379-6251 | Attorneys for Plaintiff<br>SHARON TINIO, an individual |

24769459.1

2
SERVICE LIST

EXHIBIT C - PAGE 44

# EXHIBIT D

## DECLARATION OF MICHELLE CANDELARIA

I, Michelle Candelaria, hereby declare and state as follows:

1.      I am employed by Ann Sacks Tile and Stone, Inc. as the Senior Manager of Human Resources and have held this position at all times relevant to the allegations in the Plaintiff's Complaint. I have personal knowledge of the matters set forth in this Declaration and, if called as a witness, could and would testify truthfully to such matters.

2.      I submit this declaration in support of the Notice of Removal ("Removal Petition") by Defendants Ann Sacks Tile and Stone, Inc. ("Ann Sacks") and Kohler Co.

3.      Ann Sacks is a privately-held corporation, incorporated under the laws of the State of Oregon. The company's corporate headquarters and principal place of business are located at 8120 NE 33rd Drive, Portland, Oregon 97211. Ann Sacks is a subsidiary of the Kohler Company.

4.      The Company's corporate officers, including its President and Chief Merchandising Officer, direct, control and manage the affairs of the Company from the Portland, Oregon headquarters.

5.      Plaintiff Sharon Tinio was employed by Ann Sacks at our showroom facility in Laguna Niguel, California as a Senior Showroom Administrator from June 30, 2014 through December 12, 2014.

6.      Ms. Tinio's rate of pay at the time of her termination of employment was $19.65 per hour (or a standard 40-hour weekly rate of $786 per week). Ms. Tinio also was eligible to receive the Company's standard employee benefits package.

7.      From March 30, 2014 through June 29, 2014, Mr. Tinio was directly employed by ManpowerGroup, a staffing company, and was placed by ManpowerGroup to work at our Laguna Niguel, California facility as a Showroom Administrator.

DECLARATION OF MICHELLE CANDELARIA IN SUPPORT OF
DEFENDANTS' NOTICE OF REMOVAL

**EXHIBIT D - PAGE 46**

I declare under the penalty of perjury under the laws of the State of California, the State of Oregon, and the United States of America that the foregoing is true and correct.

Executed on May 12, 2016 at Portland, Oregon.

_____
Michelle Candelaria

3

DECLARATION OF MICHELLE CANDELARIA IN SUPPORT OF
DEFENDANTS' NOTICE OF REMOVAL

# EXHIBIT E

## DECLARATION OF JOHN PAWLEY

I, John Pawley, declare as follows:

1.  I am employed by Defendant Kohler Co. ("Kohler") as the Senior Staff Attorney-Labor Relations for Kohler and its subsidiaries. I have held this position since October 30, 2006. I have personal knowledge of the matters set forth in this Declaration and, if called as a witness, could and would testify truthfully to such matters.

2.  I submit this declaration in support of the Notice of Removal ("Removal Petition") by Defendants Ann Sacks Tile and Stone, Inc. ("Ann Sacks") and Kohler Co.

3.  Kohler is a privately-held corporation incorporated under the laws of the State of Wisconsin. Kohler's corporate headquarters and principal place of business are located at 444 Highland Drive, Kohler, Wisconsin 53044. Defendant Ann Sacks Tile and Stone, Inc. is a subsidiary of Kohler Interiors, the furniture and decorative products division of the Kohler Company.

4.  The Company's corporate officers, including our Group President and highest-ranking corporate employees manage and direct the affairs of the business from the Kohler, Wisconsin headquarters.

I declare under the penalty of perjury under the laws of the State of California, the State of Wisconsin, and the United States of America that the foregoing is true and correct.

Executed on May 13, 2016 at Kohler, Wisconsin.

_____
John Pawley

DECLARATION OF JOHN PAWLEY IN SUPORT OF DEFENDANT
ANN SACKS TILE AND STONE, INC.'S NOTICE OF REMOVAL

EXHIBIT E - PAGE 49

**EXHIBIT F**

## DECLARATION OF ROXANA COOK

I, Roxana Cook, hereby declare and state as follows:

1.    I am the Director — Employment Law & Litigation for Defendant ManpowerGroup US Inc. ("ManpowerGroup").  I have personal knowledge of the matters set forth in this Declaration and, if called as a witness, could and would testify truthfully to such matters.

2.    I submit this declaration in support of the Notice of Removal ("Removal Petition") by Defendants Ann Sacks Tile and Stone, Inc. and Kohler Co.

3.    ManpowerGroup was served with a copy of the Summons and Complaint in the above-captioned lawsuit by Plaintiff Sharon Tinio ("Plaintiff") on April 13, 2016.

4.    ManpowerGroup is, and at all times relevant to this action was, a corporation formed under the laws of the State of Wisconsin.  The company's headquarters, and its executive and senior management personnel, as well as its primary management operations, are located at 100 Manpower Place, Milwaukee, Wisconsin 53212.

5.    ManpowerGroup hereby consents to the Removal Petition filed by Defendants Ann Sacks Tile and Stone, Inc. and Kohler Co.

I declare under the penalty of perjury under the laws of the State of California, the State of Wisconsin, and the United States of America that the foregoing is true and correct.

Executed on May 13, 2016 at Milwaukee, Wisconsin.

_____
Roxana Cook

2

DECLARATION OF ROXANA COOK IN SUPPORT OF
DEFENDANTS' NOTICE OF REMOVAL

**EXHIBIT F - PAGE 51**

## PROOF OF SERVICE

*Sharon Tinio v. Ann Sacks Tile and Stone, Inc., et al.*

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On May 13, 2016, I served the following document(s):

**DEFENDANTS ANN SACKS TILE AND STONE, INC. AND KOHLER CO.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached mailing list.

☐ with the Clerk of the United States District Court of Central District of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐ (Federal) I declare that I am **a member** of the State Bar of this Court. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May 13, 2016, at Costa Mesa, California.

Erin Montgomery                                    /s/ Erin Montgomery
_____           _____
Type or Print Name                                 Signature

## **SERVICE LIST**

*Sharon Tinio v. Ann Sacks Tile and Stone, Inc., et al.*

| | |
|---|---|
| Kashif Haque, Esq.<br>Cindy Pham, Esq.<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Drive, Suite 100<br>Irvine, CA 92618<br>(949) 379-6250<br>Fax No.: (949) 379-6251 | Attorneys for Plaintiff<br>SHARON TINIO, an individual |

24759919.1

2

SERVICE LIST